**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4939**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

BRADLEY CHARLES ROBERSON, a/k/a Fly Guy,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:19-cr-00024-BO-1)

Submitted:  September 18, 2020          Decided:  September 25, 2020

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Charles Roberson appeals from his 84-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Roberson asserts that the district court failed to adequately consider his arguments for a variance sentence. We find that the district court procedurally erred in imposing sentence, and as such, we vacate and remand for resentencing.

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). In explaining its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (brackets and internal quotation marks omitted). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (brackets and internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (brackets and internal quotation marks omitted).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 206 (2019). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). Where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id.* Nonetheless, a district court's failure to give "specific attention" to nonfrivolous arguments results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted).

Here, Roberson briefly requested a variance based upon his military service and the fact that he had secured a job upon his release. The district court did not address the facts raised by Roberson in any way. Admittedly, Roberson's arguments were not nuanced, lengthy, or complex. However, while the court engaged with counsel and Roberson concerning the facts and circumstances of the underlying crime and Roberson's other recent criminal behavior, the court did not provide any reasoning whatsoever for choosing the sentence it did. Importantly, the court's colloquy with Roberson and counsel did not touch upon Roberson's military background, his ability to legally make a living upon release, or even the appropriateness of a downward variance. *See Blue*, 877 F.3d at 521 (noting that reviewing court may infer that district court considered defendant's arguments

3

if "the sentencing court engages counsel in a discussion about that argument"). Although the Government seeks to draw inferences regarding the court's intent, our assessment of the record cannot replace the district court's obligation to explain its rationale. *Lewis*, 958 F.3d at 244. The court's statements, even viewed in context, do not make "patently obvious" that the court "truly considered [Roberson's] nonfrivolous arguments."[*] *Blue*, 877 F.3d at 521. Accordingly, we conclude that the court's failure to provide reasoning constituted procedural error.

To avoid reversal, the Government must demonstrate that this procedural error was harmless, which requires "pro[of] that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). In other words, the Government must show that Roberson did not receive a longer sentence because of the district court's failure to consider his nonfrivolous arguments. Here, the Government contends that Roberson's arguments were weak and did not support a downward variance in light of Roberson's continued criminal conduct despite prior leniency. However, the district court did not actually comment on or draw conclusions about any prior leniency, much less whether any prior leniency weighed against a downward variance.

In *United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010), we found the district court's error harmless because the court explained that it had considered the

---

[*] While the Government asserts that Roberson's arguments were "weak," the Government does not contend that they were frivolous.

sentencing factors, "emphasized the need for specific and general deterrence," and the defendant's arguments were "very weak." Here, even assuming Roberson's arguments were weak, the district court made no statement as to whether it considered the relevant statutory sentencing factors or adopted the Government's arguments regarding prior leniency and Roberson's failure to change his behavior. Thus, we find that the Government failed to meet its burden to demonstrate that the district court's error was harmless.

Accordingly, we vacate Roberson's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*